**Earl Nathan PETTUS, Jr., Plaintiff,**

v.

**TRW CONSUMER CREDIT SERVICE**
**and CSC San Antonio, Defendants.**

**Civ. No. SA–93–CA–0777.**

United States District Court,
W.D. Texas,
San Antonio Division.

Aug. 18, 1994.

Earl Nathan Pettus, Jr., San Antonio, TX, pro se.

Joseph Craig Schweitzer, San Antonio, TX, for defendant Security Service Credit Union.

Donna C. Peavler, Jones, Day, Reavis & Pogue, Dallas, TX, for defendant TRW Consumer Credit Services.

Patrick O. Keel, Baker & Botts, L.L.P., Austin, TX, for defendant CSC Credit Services, Inc.

## MEMORANDUM OPINION

PRIMOMO, United States Magistrate Judge.

On this day came for consideration defendant CSC Credit Services, Inc.'s motion for summary judgment (docket no. 75), defendant TRW Inc.'s motions for summary judgment (docket no. 76), and plaintiff's motions for summary judgment (docket nos. 79 and 80). Plaintiff Earl Nathan Pettus, Jr. submitted his original complaint on September 29, 1993 alleging violations of the Fair Credit Reporting Act, Title 15 U.S.C. § 1681 et seq. (FCRA), by defendants TRW, CSC and Security Service Federal Credit Union (SSFCU). Specifically, plaintiff alleges that

inaccuracies in the credit reports produced by defendants resulted in plaintiff losing employment and credit opportunities. Plaintiff also asserts that the use of credit reports for employment purposes violates Title 42 U.S.C. § 2000e *et seq.* (Title VII).

On December 7, 1993, plaintiff voluntarily dismissed defendant SSFCU and filed an amended complaint (docket no. 30) which is his current pleading. The parties have consented to proceed before a United States Magistrate Judge and the matter is before this Court for all purposes.

### Summary Judgment

Rule 56(a) and (b), Fed.R.Civ.P., provides that a party may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor. Summary judgment shall be rendered if the pleadings and evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c), Fed.R.Civ.P. A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The party opposing a motion must present affirmative evidence in order to defeat a properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 257, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). An adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial; if he does not so respond, summary judgment, if appropriate, shall be entered against him. Rule 56(e), Fed.R.Civ.P.

The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact. *Anderson,* 477 U.S. at 247–248, 106 S.Ct. at 2510. The dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* All of the evidence and inferences drawn from that evidence must be viewed in the light most favorable to the party opposing the motion for summary judgment. *Hibernia National Bank v. Carner,* 997 F.2d 94, 97 (5th Cir. 1993).

### DISCUSSION

The Fair Credit Reporting Act was enacted in light of Congressional concern as to abuses in the credit reporting industry. *St. Paul Guardian Insurance Co. v. Johnson,* 884 F.2d 881, 883 (5th Cir.1989). "The FCRA was designed to ensure that, once a consumer reporting agency collected information on a person related to their credit eligibility, the information could only be released for certain purposes and in a certain manner." *Id.* at 885, n. 3. Under the FCRA, a consumer may challenge any information contained within his file, and the reporting agency must then reinvestigate its credit report. Title 15 U.S.C. § 1681i; *Hyde v. Hibernia National Bank,* 861 F.2d 446, 447 (5th Cir.1988), *cert. denied,* 491 U.S. 910, 109 S.Ct. 3199, 105 L.Ed.2d 706 (1989). If there is still a dispute, the consumer may file a written statement of dispute which must be noted in any future reports. Section 1681i(b) and (c); *Hyde,* 861 F.2d at 447. The FCRA further requires that reporting agencies maintain reasonable procedures to insure compliance with the Act. Title 15 U.S.C. § 1681e; *Hyde,* 861 F.2d at 447.

Any consumer reporting agency which willfully fails to comply with any requirement imposed under the FCRA shall be liable to the consumer. Title 15 U.S.C. Section 1681n. The FCRA does not, however, impose strict liability for errors or provide a means for merely correcting an erroneous report. *Hyde,* 861 F.2d at 447; *Thompson v. San Antonio Retail Merchants Association,* 682 F.2d 509, 513 (5th Cir.1982). Rather, the FCRA provides a remedy for consumers who are actually damaged by a failure to comply with the Act's requirements. *Hyde,* 861 F.2d at 448. Thus, proof of damage is an essential

element of an action under the FCRA. *Id. See also Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1160–61 (11th Cir.1991) (plaintiff has affirmative duty to come forward with evidence of actual damage); *Zeller v. Samia*, 758 F.Supp. 775, 778 n. 1 (D.Mass.1991) (plaintiff must show that damages were proximately caused by violation of the Act).

### A. Employment

The evidence submitted in this case is uncontroverted. The declaration of Janice Fogleman (docket no. 75, exh. 4), a staff administrator with CSC, establishes that each time an inquiry is made as to a consumer's credit, that inquiry is noted in the credit report. (¶ 3). Only one inquiry of plaintiff's credit report was made for employment purposes, on January 26, 1993. (¶ 4). The declaration of John Hartland (docket no. 75, exh. 5) establishes that Equifax, Inc., which made that inquiry, did so on behalf of its client, Metropolitan Life Insurance Company (Met Life). (¶ 5). In his deposition, plaintiff testified that he was actually hired by Met Life, despite his credit history. (Docket no. 75, exh 1., p. 64; exh. 3, p. 61). The affidavit of Carolyn Helm (docket no. 76, exh. E), a TRW employee, establishes that no inquiries have been made as to plaintiff through TRW for employment purposes. (¶ 9).

Plaintiff has submitted some evidence that there are inaccuracies in his credit report. (*See* docket no. 87, affidavit of Craig Schweitzer). However, as noted above, that fact alone does not permit recovery; plaintiff must also prove he has been damaged. There is no evidence that any potential employer rejected plaintiff based upon any credit reports issued by defendants. Rather, it is clear that plaintiff's claim is based upon his conjecture that the large number of rejections he has received must be based on bad credit because of his extensive qualifications. (Plaintiff's deposition, docket no. 79, exh. 5, pp. 224–25). Conjecture is not evidence. Plaintiff has failed to meet his burden of coming forward with some evidence of damages resulting from the alleged inaccuracies in his credit reports.

In *Stevenson v. TRW, Inc.*, 987 F.2d 288, 296 (5th Cir.1993), the Court of Appeals held that damages for mental distress, which plaintiff alleges he suffered, can be recovered even if he sustained no out-of-pocket losses. However, in *Stevenson* the plaintiff was actually denied credit three times and was forced to explain his credit problems to certain lenders. *Id.* at 297. Pettus has not been denied credit or employment as a result of any inaccuracies. Although Met Life was aware of his credit problems, plaintiff has offered no summary judgment evidence that such awareness caused him humiliation and embarrassment. Because proof of damages is an essential element of his FCRA claim, summary judgment is appropriate. *Cahlin*, 936 F.2d at 1160–61.

### B. Credit

Defendants assert that plaintiff is estopped from asserting any claim based upon the denial of credit because plaintiff disavowed any such claim at his deposition. (*See* docket no. 75, exh. 2, pp. 247–48). In plaintiff's responses to defendants' motions, he appears to retract this statement and proceed with a claim for denial of credit. Regardless of whether plaintiff is estopped from asserting such a claim, plaintiff has again failed to come forward with any evidence that credit was denied him based upon any error in defendants' credit reports. Therefore, this claim, too, must fail.

### C. Title VII

Plaintiff also appears to be asserting a Title VII claim, alleging that the use of credit reports is a discriminatory employment practice. This claim is meritless on its face. The FCRA clearly authorizes the use of consumer credit reports for employment purposes. Title 15 U.S.C. § 1681a(d) defines a "consumer report" as any "communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness ... which is used or expected to be used ... for the purpose of serving as a factor in establishing the consumer's eligibility for ... (2) employment purposes...." Section 1681b lists the permissible purposes of a consumer report which includes, in sub-

section (3)(B), "use [of] the information for employment purposes." The term "employment purposes" means a report used for the purpose of evaluating a consumer for employment. Title 15 U.S.C. § 1681a(h). Thus, the very practice which plaintiff asserts is improper is specifically authorized by Congress.

Further, a claim under Title VII must involve the employment relationship. *See Diggs v. Harris Hospital–Methodist, Inc.,* 847 F.2d 270, 272 (5th Cir.), *cert. denied,* 488 U.S. 956, 109 S.Ct. 394, 102 L.Ed.2d 383 (1988); *Barnes v. Colonial Life and Accident Co.,* 818 F.Supp. 978, 980 (N.D.Tex.1993). Plaintiff has testified that he has never been employed by either defendant and that his lawsuit does not involve any attempt to gain employment from defendants. (Docket no. 75, exh. 3, pp. 31, 75). Therefore, any claim under Title VII should be dismissed.

Based upon the foregoing, the Court finds that defendant CSC Credit Services, Inc.'s motion for summary judgment (docket no. 75) and defendant TRW Inc.'s motion for summary judgment (docket no. 76) should be, and hereby are, **GRANTED.** For the same reasons, plaintiff's motions for summary judgment (docket nos. 79 and 80) are **DENIED.** Plaintiff's claims herein are **DISMISSED WITH PREJUDICE.**

It is so **ORDERED.**