Donna K. MATHEWS, On Behalf of Herself and All Others Similarly Situated and On Behalf of the General Public, Plaintiff,

v.

GOVERNMENT EMPLOYEES INSURANCE CO., and Does 1 through 30, inclusive, Defendants.

No. Civ. 96–1850–B.

United States District Court, S.D. California.

Sept. 17, 1998.

Harvey R. Levine, Craig A. Miller, Levine Steinberg and Miller, San Diego, CA, for plaintiff.

Richard J. Bergstrom, Kathryn A. Bernert, George S. Howard Jr., Luce, Forward, Hamilton, & Sempps, San Diego, CA, for defendants.

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY ADJUDICATION**

BREWSTER, Senior District Judge.

## I.  Introduction

Donna K. Mathews ("Plaintiff") brings this class action against Government Employees Insurance Co. ("GEICO," also "Defendant") and Does 1–30 on behalf of purportedly more than 800 individuals who have applied to GEICO for employment and whose employment was denied without advising them that the decision was based on consumer credit reports. Plaintiff's First Amended Complaint seeks the following relief: (1) compensatory and punitive damages for violations of the federal Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681, 1681a–1681t,

committed by Defendant's failure to give applicants notice of the use of credit reports for adverse action and of their rights regarding such use; (2) injunctive relief requiring Defendant to cease its unlawful, unfair, and fraudulent business practices pursuant to California Business and Professions Code § 17200; (3) general damages based upon common law negligence; and (4) costs and attorney's fees.

Plaintiff filed her original complaint in California Superior Court on October 18, 1996.[1] Defendant removed the case to federal court based upon diversity of citizenship, and this Court denied Plaintiff's motion to remand. In October 1997, the parties stipulated to the certification of a class action. The Court granted the certification upon its satisfaction that the standards of Federal Rule of Civil Procedure 23 were satisfied.

On February 20, 1998, Plaintiff filed a first amended complaint ("FAC") with leave from the Court. On July 6, 1998, Defendant filed a motion for summary judgment.

## II.  Factual Background

GEICO is a corporation chartered and headquartered in Maryland. GEICO maintains several regional offices, including the Region IV office in San Diego, California. It is undisputed that in February 1995, Region IV initiated a policy of screening of credit histories for applicants for employment in their sales, service and claims positions. Marlyn Cross, Manager of Human Resources for Region IV, attests in a declaration that she informed GEICO's Vice President for Human Resources of the new policy but that she did not disclose any details.

Under the policy, applicants were required to review and sign a disclosure form that notified them that GEICO would perform a background investigation and credit check. For candidates who survived initial screening procedures, GEICO obtained credit reports from Equifax, a credit reporting agency. The Human Resources employee who reviewed applications had discretion to reject any applicant on the basis of the applicant's credit history. All rejected applicants,

---

1. Plaintiff's original complaint alleged violation of the California Consumer Credit Reporting Agencies Act (CCCRAA), Cal.Civ.Code § 1785.1 *et seq.,* instead of the similar FCRA. .

whether they were rejected on the basis of their credit or not, received identical postcards informing them that they would not be extended an offer of employment. The postcards made no mention of the credit check.

The credit screening policy remained in effect until the filing of this action in September 1996. GEICO provides several declarations which proffer that, within two weeks of its receipt of Plaintiff's complaint, the corporation determined that the screening policy was not in compliance with the FCRA, and in response began using new rejection postcards that provided the necessary information to comply with the law.

### III. Standard of Law for Summary Judgment

Federal Rule of Civil Procedure 56(c) provides that summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." One of the principal purposes of the rule is to dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In considering a motion for summary judgment, the court must examine all the evidence in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Summary judgment must be granted if the party responding to the motion fails "to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548. The evidence offered need not be in a form admissible at trial to avoid summary judgment. *Id.* at 324, 106 S.Ct. 2548. When the moving party does not bear the burden of proof, summary judgment is warranted by demonstration of an absence of facts to support the non-moving party's case. *Id.* at 325, 106 S.Ct. 2548.

The Court must determine whether evidence has been presented that would enable a reasonable jury to find for the non-moving party. *Anderson*, 477 U.S. at 249–252, 106 S.Ct. 2505. If the Court finds that no rea-

sonable fact-finder could, considering the evidence presented by the non-moving party and the inferences therefrom, find in favor of that party, summary judgment is warranted.

If a Court is unable to render summary judgment upon an entire case and finds that a trial is necessary, it shall if practicable grant summary adjudication for any issues as to which, standing alone, summary judgment would be appropriate. *See* Fed.R.Civ.P. 56(d); *See also California v. Campbell*, 138 F.3d 772, 780 (9th Cir.1998).

### IV. The Fair Credit Reporting Act

#### A. It is Undisputed that GEICO Violated the FCRA

█ The federal Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681, 1681a–1681t, was enacted in 1968 to improve the accuracy and fairness of credit reporting procedures and to "insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).

The crucial section in this lawsuit is 15 U.S.C. § 1681m(a), which provides:

**(a) Duties of users taking adverse actions on the basis of information contained in consumer reports**

If any person takes any adverse action with respect to any consumer that is based in whole or in part on any information contained in a consumer report, the person shall—

(1) provide oral, written, or electronic notice of the adverse action to the consumer;

(2) provide to the consumer orally, in writing, or electronically—

(A) the name, address, and telephone number of the consumer reporting agency (including a toll-free telephone number established by the agency if the agency compiles and maintains files on consumers on a nationwide basis) that furnished the report to the person; and

(B) a statement that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide the consumer the spe-

cific reasons why the adverse action was taken; and

(3) provide to the consumer an oral, written, or electronic notice of the consumer's right—

(A) to obtain, under section 1681j of this title, a free copy of a consumer report on the consumer from the consumer reporting agency referred to in paragraph (2), which notice shall include an indication of the 60–day period under that section for obtaining such a copy; and

(B) to dispute, under section 1681i of this title, with a consumer reporting agency the accuracy or completeness of any information in a consumer report furnished by the agency.

GEICO admits that it violated 15 U.S.C. § 1681m(a) when its Region IV office maintained an official or *de facto* policy to make adverse employment decisions based upon credit reports received from credit agencies without providing notice to the affected applicants that their rejection had been based in whole or in part on information in their credit reports, or without providing to them the name, address, and telephone number of the consumer reporting agency or a statement of their rights under the law. Therefore, Defendant's motion for summary judgment or summary adjudication of this claim must be denied unless GEICO can establish, as to the standards for summary judgment, that it is entitled to an affirmative defense or that the Plaintiff is for reasons other than liability not entitled to relief.

## B. Reasonable–Procedures Defense [2]

█ Even though it has admitted to continuously violating the FCRA on hundreds of occasions during the course of more than eighteen months, GEICO argues that it is entitled to the defense that it maintained "reasonable procedures" to prevent such violations. Title 15 U.S.C. § 1681m(c) provides that "[n]o person shall be held liable for any violation of this section if he shows by a preponderance of the evidence that at the time of the alleged violation he maintained reasonable procedures to assure compliance with the provisions of this section."

GEICO argues that it is entitled to the reasonable-procedures defense because its corporate headquarters issued a Human Resources Guide, distributed to each region, regarding the notification requirements for screening applicants based on credit reports. GEICO's memorandum in support of its motion states that, "[u]nfortunately, Ms. Cross, [the Human Resources Manager for the San Diego Region], and others in Region IV, did not review" the corporation's Human Resources Guide when they initiated the illegal policy.

█ GEICO's argument is utterly unavailing. The reasonable-procedures defense is designed to protect users of credit information who consistently abide by the law but who, in dealing with hundreds or thousands of instances, ultimately, by commission or omission, inadvertently violate the law in isolated instances. If GEICO's Region IV office used two rejection postcards, one for those who were denied on the basis of their credit information and one for those who were not, and in isolated instances mailed the wrong postcard to rejected applicants, the reasonable procedures exception might apply. However, the exception does not protect intentional policy decisions made by senior level managers who are reasonably expected either to know the corporate policy or the law or to consult with those who do. The Human Resources Manager of a regional office of a large, national insurance company should be reasonably expected to read the corporation's Human Resources Guide, which is written specifically for the department for which she is responsible. The Human Resources Manager should also be reasonably expected to consult the Human Resources Guide, or to delegate to other employees or to legal counsel to consult and guide her, when adopting new hiring policies. GEICO should be reasonably expected to take reasonable steps to ensure that it complies with

---

**2.** Defendant's original answer, filed March 20, 1998, did not assert the reasonable-procedures defense as an affirmative defense as required by Fed.R.Civ.P. 8(c). On August 26, 1998, the Court by order noted this deficiency and granted Defendant ten days leave to file an amended answer pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. On August 28, 1998, Defendant filed an amended answer which asserted an affirmative defense of reasonable procedures.

all·local, state and federal laws and to maintain a chain-of-command decisional process designed to ensure that the· corporation's continuous policies and practices are subjected to legal scrutiny.

The "reasonable procedures" defense is a factual issue. In order to prevail on its motion, GEICO would have to show there is no triable issue of fact at issue; GEICO has failed to meet that burden. As such, GEICO is not entitled to summary judgment as a matter of law.

## C. Willfulness

■ GEICO next argues that it cannot be liable under FCRA because its admitted violations were not "willful." In the first instance, this argument is rejected because the FCRA creates civil liability for negligent noncompliance with any of its requirements. *See* 15 U.S.C. § 1681o(a) (authorizing the recovery of actual damages, costs and attorney's fees caused by negligent noncompliance).

The Court therefore assumes that GEICO's "willfulness" arguments are not made to assert an absolute defense to Plaintiff's FCRA claim, but instead to defeat Plaintiff's plea for punitive damages. Title 15 U.S.C. § 1681n(a) authorizes the imposition of punitive· damages against any person who "willfully fails to comply with any requirements imposed by" the FCRA.

"The word 'willfully' is sometimes said to be a 'word of many meanings' whose construction is often dependent on the context in which it appears." *Bryan v. United States,* —— U.S. ——, 118 S.Ct. 1939, 1944, 141 L.Ed.2d 197 (1998) (citations omitted). In law, the traditional rule is that "ignorance of the law is no excuse," and a requirement of willfulness will only be read to require specific knowledge of the law in limited exceptions for highly technical statutes that otherwise pose a danger of ensnaring individuals engaged in· apparently innocent conduct. *Id.* 118 S.Ct. at 1946 (contrasting specific knowledge· requirement for highly technical, criminal tax laws with the otherwise general presumption that specific knowledge is not required for finding of willfulness). Still, in these criminal cases, a

finding of willfulness required at least some showing that defendant knew that his actions were wrong. *Id.*

Most reported decisions addressing the willfulness standard of the FCRA have held that "willful" noncompliance requires a showing similar to that under criminal law—that the defendant "knowingly and intentionally committ[ed] an act in conscious disregard for the rights of others, but [not necessarily with] malice or evil motive." *Philbin v. Trans Union Corp.,* 101 F.3d 957, 970 (3rd Cir.1996) (internal quotations and citations omitted); *see generally* Anne P. Fortney, Fair Credit Reporting Act New Liability of Furnishers and Users of Consumer Reports, 1048 PLI/Corp 19 (1998).

■ However, some courts, when choosing to elaborate, have found that willfulness in the *civil* context, including under the FCRA, may also be demonstrated by a showing of a defendant's reckless disregard for its responsibilities under the act. This Court is not aware of any Ninth Circuit decision on this issue. Subsequent to its decision in *Philbin* the Third Circuit held that a FCRA plaintiff could be awarded punitive damages pursuant to §· 1681n if she could prove that the defendant "adopted its reinvestigation policy either knowing that policy to be in contravention of· the rights possessed by consumers pursuant to the FCRA or in reckless disregard of whether the policy contravened those rights." *Cushman v. Trans·Union Corp.,* 115 F.3d 220, 227 (3rd Cir.1997). Most "reckless disregard" FCRA cases have borrowed the legal standard used in the law of defamation because the cases involved allegations of willful dissemination of false credit information. *See, e.g., Yeager v. TRW,* 984 F.Supp. 517, 523 (S.D.Tex.1997). ·The Court finds as a compelling standard of law that individuals who recklessly disregard *any* of their important responsibilities under the FCRA may be liable for punitive damages pursuant to 15 U.S.C. § 1681n. Congress did not intend to enable mass-users of credit reports to evade meaningful liability for. repeated violations of their "grave responsibilities" under the FCRA by sticking their heads in the sand and pleading ignorance of the law.[3]

---

3. Although the FCRA's use of the phrase "grave

responsibilities" at 15 U.S.C. § 1681(a)(4) re-

GEICO argues that federal courts "have repeatedly dismissed FCRA claims based on the plaintiff's failure to meet this lofty standard" for establishing willfulness. However, all of the cases cited by Defendant involved isolated instances of human error, and all involved a single plaintiff. The procedures were not in violation of the law, as here. *See Philbin*, 101 F.3d at 970 (error in credit report reappeared after consumer had called to correct it); *see also Casella v. Equifax Credit Information Services*, 56 F.3d 469, 476 (2nd Cir.1995) (no willful violation for refusal to delete allegedly false information in credit report or to denote objection thereto when agencies had reason to believe information was accurate); *see also Stevenson v. TRW*, 987 F.2d 288, 293–294, 296 (5th Cir. 1993) (agency was negligent, but not willful, in slow pace of correcting erroneous information and in inconspicuous form of notice that consumer had the right to have corrected reports issued to creditors).

GEICO assigns considerable importance to its contention that the officers in its Maryland headquarters knew the law but did not know the illegal details of the Region IV policy, and, meanwhile, that the senior-level officers in Region IV who designed the illegal policy were completely unaware of the corporation's policies or of their responsibilities under federal law. Viewing the evidence in the light most favorable to Plaintiff, Defendant's own argument would enable a reasonable fact-finder to determine that GEICO had adopted its illegal credit screening policy "in reckless disregard of whether the policy contravened those rights." *Cushman*, 115 F.3d at 227. Therefore, Defendant has not established that there are no material issues of fact remaining to preclude entry of judgment as a matter of law, and its motion in this respect must be denied.

### V. Injunctive Relief

■ Plaintiff's second cause of action seeks injunctive relief pursuant to the California Unfair Competition Act, Cal.Bus. & Prof.Code § 17200 *et seq.* (Supp.1998), which defines unfair competition as "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue, or misleading

advertising...." Section 17203 provides: "Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction." Section 17203 is an injunctive relief statute; it does not provide for money damages. GEICO argues that Plaintiff's claim for injunctive relief is moot because it has discontinued the illegal policy and that there is no likelihood of future violations. Plaintiff argues that the inclusion of the phrase "has engaged" in § 17203 indicates that injunctive relief may still issue in this case.

This Court will not issue injunctive relief when there is no evidence in the record that there is any probability of future violations. GEICO's affidavits offer that it terminated the use of its illegal policy nearly two years ago. If not before, the GEICO officers in Region IV are aware of their responsibilities under the FCRA. Plaintiff has not offered any evidence that would suggest to the Court that future violations are likely to occur. Therefore, the Court grants summary adjudication to Defendant on this claim. "To obtain injunctive relief, 'a reasonable showing' of a 'sufficient likelihood' that plaintiff will be injured again is necessary." *Kruse v. State of Hawaii*, 68 F.3d 331, 335 (9th Cir.1995), *quoting Sample v. Johnson*, 771 F.2d 1335 (9th Cir.1985) (internal quotations omitted).

### VI. Common Law Negligence

■ Plaintiff's third cause of action states a common law claim for negligence. There is no duty at common law to inform individuals of an adverse decision based upon their credit history. "[W]here a statute creates a right that did not exist at common law and provides a comprehensive and remedial scheme for its enforcement, the statutory remedy is exclusive." *Lubner v. Los Angeles*, 45 Cal. App.4th 525, 530, 53 Cal.Rptr.2d 24 (1996). Therefore, Plaintiff may not state a claim for common law negligence, and the Court grants summary adjudication to Defendant on this claim.

Plaintiff's memorandum in opposition to Defendant's motion for summary judgment states that "[i]nasmuch as the parties agree

---

ferred to the responsibilities of consumer reporting agencies, the Court finds that Congress attached equal importance to the responsibilities of users of credit reports.

that the plaintiff may pursue statutory remedies for GEICO's negligent violation of FCRA under 15 U.S.C. Section 1681o, she does not vigorously oppose the defendant's motion for summary adjudication" of the common law negligence claim. Defendant's reply memorandum in support of its motion states that "[a]lthough plaintiffs [sic] correctly point out that a claim for negligence may be maintained pursuant to Section 1681(o) of the FCRA, they have not pled such a claim." The Court notes that Plaintiff's FAC alleges "[b]y reason of the conduct hereinabove alleged, GEICO wrongfully violated the provisions of the Fiar [sic] Credit Reporting Act." FAC ¶ 21. This claim would incorporate a claim under § 1681o for negligence.

### VII. Conclusion

Defendant's motion for summary judgment is denied. The Court denies Defendant's motion for summary adjudication as to Plaintiff's first cause of action, and grants Defendant's motion for summary adjudication as to the second and third causes of action.