Judy C. THOMAS, Plaintiff,

v.

TRANS UNION LLC, a foreign corporation, Defendant.

No. 00–1150–JE.

United States District Court, D. Oregon.

March 21, 2002.

Converted to Opinion and Order upon parties' consent March 26, 2002.

Robert S. Sola, Portland, OR, for Plaintiff.

Emi A. Murphy, Portland, OR, for Defendant.

## FINDINGS AND RECOMMENDATION

JELDERKS, United States Magistrate Judge.

The matter before the court is plaintiff's motion (doc. 62) for partial summary judgment. Oral argument was held March 19, 2002.

Plaintiff brings this action against defendant for alleged violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq.* In her moving papers, plaintiff states that most of her claims involve allegations that defendant violated 15 U.S.C. § 1681e(b) (Compliance Procedures) by failing to follow reasonable procedures to assure maximum possible accuracy of the information in its credit reports. Plaintiff states that she does not move for summary judgment on the claims arising under section 1681e(b) because the reasonableness standard raises a question of fact.

At issue in this motion is plaintiff's claim that defendant violated 15 U.S.C. § 1681i(a) (Procedures in Case of Disputed Accuracy). She moves for summary judgment on two claims arising under section 1681i(a), arguing that as a matter of law:

(1) Defendant failed to comply with the requirement of 15 U.S.C. § 1681i(a)(1) that information disputed by a consumer be reinvestigated within 30 days; and

(2) Defendant failed to comply with the requirement of 15 U.S.C. § 1681i(a)(6) that written notice of the results of reinvestigation and a statement that the reinvestigation has been completed be provided to the consumer no later than five days after completion of the reinvestigation.

## *SUMMARY JUDGMENT STANDARDS*

Summary judgment should be granted if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). If the moving party shows that there are no genuine issues of material fact, the non-moving party must go beyond the pleadings and designate facts showing an issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A scintilla of evidence, or evidence that is merely colorable or not significantly probative, does not present a genuine issue of material fact. *United Steelworkers of America v. Phelps Dodge*, 865 F.2d 1539, 1542 (9th Cir.1989).

The substantive law governing a claim determines whether a fact is material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *see, also, T.W. Elec. Service v. Pacific Elec. Contractors*, 809 F.2d 626, 630 (9th Cir.1987). Reasonable doubts as to the existence of a material factual issue are resolved against the moving party. *T.W. Elec. Service*, 809 F.2d at 631. Inferences drawn from facts are viewed in the light most favorable to the non-moving party. *Id.* at 630–31.

## *FACTUAL BACKGROUND*

On February 19, 1999, by facsimile to defendant, plaintiff disputed 14 items that defendant was reporting on her credit reports. One of the accounts disputed was Gulf State # 3707922961 (Gulf State account), which was a collection account related to GTE Mobil # 5039106464941028 (GTE Mobil account). Defendant explains that GTE Mobil appears to be the underlying creditor, while Gulf State appears to be the collection agency to which the GTE Mobil account was eventually transferred.

Less than 30 days after the February 19th dispute, on March 8, 1999, plaintiff sent defendant another letter (received by defendant on March 12th) disputing a number of items appearing on her credit report. Included with the letter were pages from a credit report that contained information reported by defendant. Plaintiff had written the word "delete" across some 24 items reported that she disputed as not being hers. Plaintiff admits that most of the accounts disputed on March 8th were already being reinvestigated by defendant pursuant to her February 19th dispute, and she does not contend that defendant should have initiated new investigations of those accounts. However, plaintiff asserts that one of the items disputed on March 8th, the GTE Mobil account, was not already being investigated and defendant was obligated to reinvestigate within 30 days of its receipt of plaintiff's dispute on March 12, 1999, which it did not do.

Defendant contends that it completed the reinvestigations of the February 19th disputes on March 22, 1999, and that same day prepared a notice of the results of the reinvestigations. However, defendant says that because it had received another

dispute letter from plaintiff between February 19th and March 22nd, it then updated the information in the report based on plaintiff's March 8th dispute. Once the information was updated, defendant generated a second updated credit report on that same day, March 22nd, and sent the second report to plaintiff.

Plaintiff asserts that the March 22nd report she received contained defective notices in violation of FCRA in that it described the results of the reinvestigation of only one account that she had disputed on February 19th, the Bank of America account. Defendant disagrees, arguing that the second March 22nd updated credit report complied with section 1681i because it stated that defendant had completed its reinvestigation and the credit report itself was the "notice" because it incorporated the results of the reinvestigation into the body of the report.

Thereafter, defendant sent plaintiff a credit report dated April 15, 1999, that still reported the GTE Mobil account as adverse information. After plaintiff received that credit report, she again disputed the account to defendant. Defendant reinvestigated after this dispute and deleted the GTE Mobil account on May 18, 1999.

Defendant has moved to strike many of the exhibits plaintiff submitted in support of her motion for partial summary judgment. I have reviewed the motions and objections to exhibits. None of the materials at which defendant's motions are directed were necessary for the resolution of plaintiff's motion. Defendant's motions are denied as moot.

### APPLICABLE LAW

#### A. Elements of FCRA Claim.

■ The elements of a claim for failure to reinvestigate under section 1681i(a) are:

(1) The plaintiff's credit file contains inaccurate or incomplete information. 15 U.S.C. § 1681i(a)(1).

(2) The plaintiff notified the credit reporting agency directly of the inaccurate or incomplete information. *Id.*

(3) The plaintiff's dispute is not frivolous or irrelevant. 15 U.S.C. § 1681i(a)(3).

(4) The credit reporting agency failed to respond to the plaintiff's dispute. 15 U.S.C. § 1681i(a)(1), (2), and (6).

(5) The failure to reinvestigate caused the consumer to suffer damages. *Cousin v. Trans Union Corp.*, 246 F.3d 359, 368–69 (5th Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 346, 151 L.Ed.2d 261 (2001).

(6) Actual damages resulted to the plaintiff. Actual damages may include damages for humiliation, mental distress, and injury to reputation and creditworthiness, even if the plaintiff has suffered no out-of-pocket losses. *Id.* at 369 n. 15.

#### B. Reinvestigation—15 U.S.C. § 1681i(a)(1)(A).

If a consumer notifies a credit reporting agency of a dispute concerning the completeness or accuracy of any item of credit information, FCRA requires the agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. § 1681i(a)(1)(A).

#### C. Notice of Reinvestigation—15 U.S.C. § 1681i(a)(6).

A credit reporting agency must provide written notice to a consumer of the results of a reinvestigation not later than five business days after the completion of the reinvestigation. 15 U.S.C. § 1681i(a)(6)(A).

Further, "[a]s part of, or in addition to, the notice under subparagraph (A)," a con-

sumer reporting agency must provide to the consumer a statement that the reinvestigation is completed, and a consumer report that is based on the consumer's file as that file is revised as a result of the reinvestigation. 15 U.S.C. § 1681i(a)(6)(B).

## D. *Defenses.*

▮ An important issue raised by plaintiff's motion is what defenses are available to a credit reporting agency that violates one of the provisions of section 1681i. In her motion, plaintiff argues that under the facts here there is no defense available to defendant for alleged violations of section 1681i, which is essentially an argument for strict liability. Courts regularly hold that FCRA does not impose strict liability on an agency. *Guimond v. Trans Union Credit Information Company*, 45 F.3d 1329, 1333 (9th Cir.1995); *Dalton v. Capital Associated Industries, Incorporated*, 257 F.3d 409, 417 (4th Cir.2001); *Pettus v. TRW Consumer Credit Service*, 879 F.Supp. 695, 697 (W.D.Texas.1994).

▮ In its answer to plaintiff's second amended complaint, defendant asserts as its first affirmative defense that it "followed reasonable procedures to assure maximum possible accuracy of the information concerning plaintiff in preparing consumer reports related to her." Def. Answer, ¶ 16, p. 4. Section 1681e(b) of FCRA requires the credit reporting agency to "follow reasonable procedures to assure maximum possible accuracy of the information" in the consumer reports it prepares. 15 U.S.C. § 1681e(b). Because there is not a similar provision in section 1681i dealing with reinvestigation, the question arises as to whether the defense of reasonable procedures is available to a consumer reporting agency in relation to its reinvestigation obligations under section 1681i. I conclude that it is available, and the discussion of plaintiff's motion that follows relies on that conclusion.

▮ It is logical that a consumer reporting agency should not be liable under FCRA for an employee's isolated mistakes in the face of the agency having and enforcing reasonable procedures to fulfill its FCRA obligations. Indeed, the reasonable procedures defense "is designed to protect users of credit information who consistently abide by the law but who, in dealing with hundreds or thousands of instances, ultimately, by commission or omission, inadvertently violate the law in isolated instances". *Mathews v. Government Employees Insurance Co.*, 23 F.Supp.2d 1160, 1163 (S.D.Cal.1998). There is no reason to restrict the reasonable procedures defense to the initial preparation of credit reports, but not permit the defense as to the maintenance of accurate information through the dispute and reinvestigation provisions of section 1681i(a). The two sections overlap—the reinvestigation process is a part of the agency's duty to maintain accurate credit reports. Thus, although section 1681i does not contain explicit reasonable procedures provisions, I conclude that such a defense is available with respect to a claim under section 1681i.

I have found no cases directly holding that the reasonable procedures defense is available to an agency with respect to its section 1681i obligations. However, there are cases that touch on the issue. For example, the Fifth Circuit discusses updating procedures as part of an agency's continuing duty under section 1681e(b) to insure accuracy of a credit report. *Thompson v. San Antonio Retail Merchants Association*, 682 F.2d 509 (5th Cir. 1982). As discussed above, I view dispute and reinvestigation as part of the ongoing process of insuring accuracy of credit reports. In *Thompson*, the court said:

> Section 1681e(b) does not impose strict liability for any inaccurate credit report, but only a duty of reasonable care in preparation of the report. That duty

extends to updating procedures, because "preparation" of a consumer report should be viewed as a continuing process and the obligation to insure accuracy arises with every addition of information. [Citation omitted]. The standard of conduct by which the trier of fact must judge the adequacy of agency procedures is what a reasonably prudent person would do under the circumstances.

682 F.2d at 513.

In *Stewart v. Credit Bureau, Inc.*, 734 F.2d 47 (D.C.Cir.1984), plaintiff argued that the defendant's reinvestigation violated section 1681e(b)'s requirement that the agency follow reasonable procedures to assure accuracy. The court assumed, *arguendo*, that a section 1681e(b) challenge to reinvestigation procedures was cognizable, and held that defendant's motion for summary judgment on the claim was properly granted because the agency's reinvestigation procedures were reasonable as a matter of law. 734 F.2d at 55–56.

In *Bruce v. First U.S.A. Bank, National Association*, 103 F.Supp.2d 1135 (E.D.Mo. 2000), the court adopted the "reasonableness standard applied in cases addressing reinvestigations under § 1681i(a)" to determine whether the defendant failed to comply with an investigation requirement under another section of FCRA, section 1681s–2(b)(1)(A) (duties of furnishers of information upon notice of dispute). 103 F.Supp.2d at 1143. The court noted that "[c]ourts interpreting § 1681i(a) have imposed upon credit reporting agencies a duty to conduct a reasonable reinvestigation." *Id.*

There are other cases that touch on the relationship between sections 1681i and 1681e(b). *See, e.g., Stevenson v. TRW, Inc.*, 987 F.2d 288 (5th Cir.1993) (credit reporting agency's reinvestigation did not violate section 1681e(b) even though inaccurate information continued to appear on

consumer's reports); *Yelder v. Credit Bureau of Montgomery, L.L.C.*, 131 F.Supp.2d 1275 (M.D.Ala.2001) (court rejected "maximum accuracy" reasonableness standard of section 1681e(b) in favor of lower standard to be used to evaluate defendant's section 1681i procedures for reinvestigations).

■ The reasonable procedures defense creates a jury question. *Guimond*, 45 F.3d at 1333; *Dalton v. Capital Associated Industries, Incorporated*, 257 F.3d 409, 417 (4th Cir.2001); *Mathews v. Government Employees Insurance Co.*, 23 F.Supp.2d at 1164.

### PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

■ Plaintiff moves for partial summary judgment on her claims that defendant negligently violated the provisions of section 1681i(a) of FCRA relating to reinvestigations of accounts disputed by a consumer. FCRA imposes liability on a consumer reporting agency for negligent failure to comply "with any requirement imposed" by the Act. 15 U.S.C. § 1681o.

### A. Reinvestigation—15 U.S.C. § 1681i(a)(1)(A).

#### 1. Plaintiff's Arguments.

Plaintiff argues that defendant violated section 1681i(a)(1)(A) by failing to reinvestigate the GTE Mobil account within 30 days of her first dispute of the account that defendant received on March 12, 1999.

Plaintiff argues that under FCRA, a credit reporting agency has no discretion whether to reinvestigate once it receives notification of a dispute from a consumer. The agency must complete the investigation within 30 days. 15 U.S.C. § 1681i(a)(2). In this case, defendant did not even begin to reinvestigate until plaintiff disputed the GTE Mobil account a

second time on April 19, 1999. Thus, plaintiff contends that defendant failed to comply with the reinvestigation requirements of FCRA on the GTE Mobile account, there is no defense available for that failure, and she is entitled to summary judgment.

### 2. *Defendant's Arguments.*

Of the 14 items included in plaintiff's February 19th dispute, only the GTE Mobile account remained on her credit report on March 22nd after defendant had completed its investigations and updated plaintiff's identifying information.

Defendant asserts that because of plaintiff's overlapping disputes, it was required to review plaintiff's February 19th and March 8th disputes together, to parse the old from the new for the purpose of its reinvestigation. In doing so, an employee mistakenly identified the GTE Mobil account as an old dispute. Defendant says the confusion was created by the fact that on February 19th, plaintiff had disputed the Gulf State account (the collection agency trade line for the GTE Mobil account that lists GTE Mobil as the originating creditor). Because the Gulf State account included the name of GTE Mobil on the trade line, defendant's employee who conducted the review did not realize the GTE account in the March 8th dispute was a different one from the Gulf State account in the February 19th dispute. It is for this reason that the reinvestigation of the GTE Mobil account was not initiated at that time.

In addition to the name confusion, defendant asserts that if there was a breakdown in its reinvestigation process, it was largely due to the fact that plaintiff had submitted multiple and overlapping disputes that hindered its investigation. Defendant asserts that between February 4, 1999 and May 18, 1999, it received 11 disputes from plaintiff, some just days

apart, and almost all the disputes pertained to the same accounts previously disputed. In sum, defendant contends that its reinvestigation was reasonable given the situation.

### 3. *Discussion.*

I agree that defendant did not timely reinvestigate the GTE Mobil account. However, I disagree that no defense is available to defendant. As discussed above, the reasonable procedures defense is available to defendant for a claim under section 1681i. The reasonable procedures defense creates a jury question. *Guimond v. Trans Union Credit Information Company,* 45 F.3d at 1333. Therefore, I recommend that plaintiff's motion for summary judgment on this issue be denied.

### B. *Notice of Reinvestigation—15 U.S.C. § 1681i(a)(6).*

### 1. *Plaintiff's Arguments.*

■ Plaintiff argues that defendant violated FCRA by failing to provide her with (a) notice of the results of the reinvestigations of her February 19th disputes (except for the Bank of America account), and (b) a statement that the reinvestigations were completed.

Plaintiff argues that she never got notice that 13 of the accounts she disputed had been reinvestigated or what the results of those reinvestigations were. She asserts that sending her a revised credit report does not satisfy defendant's FCRA obligation to provide her with a written notice of the results of the reinvestigation. She argues that because the statute requires that a revised credit report be sent "as part of, or in addition to" the written notice of the results of the reinvestigation (15 U.S.C. § 1681i(a)(6)(B)), the notice and the revised report must be two separate things. She also argues the notice in the revised credit report is in any event defec-

tive because it indicates that only one disputed account had been reinvestigated and states only that result.

Plaintiff argues that defendant violated the FCRA requirement that it provide in writing "a statement that the reinvestigation is completed." 15 U.S.C. § 1681i(a)(6)(B)(i). She argues that the March 22nd credit report that she received stated that defendant had completed only one reinvestigation (the Bank of America account) because of the way the notice was written. Under the "Investigation Results" section, the report said: "We have completed our investigation of the item(s) you disputed. Our findings are summarized as follows:" Then, the only item following the statement is the Bank of America account. Plaintiff argues this notation was insufficient to inform her if reinvestigation had been completed with respect to the 14 accounts she disputed on February 19th.

#### 2. *Defendant's Arguments.*

Defendant argues the March 22nd second updated credit report sent to plaintiff was sufficient to comply with FCRA because it incorporated the results of the reinvestigation into the body of the credit report.

Defendant argues that FCRA does not require a credit reporting agency to provide the consumer with a "summary" of its investigation results. Rather, section 1681i(a)(6)(A) requires only a written "notice" of the results. Further, the statute does not specify the form the notice must take, nor does it require a separate letter, or an updated credit report, or an updated credit report with a separate "notice of results of investigation" section. Therefore, what defendant sent to plaintiff complies with 15 U.S.C. § 1681i(a)(6)(A).

According to defendant, as a practical matter, a simple review of the report would have shown plaintiff that, other than

the Bank of America account noted on the first page as containing new information, all of the other challenged accounts had been removed from plaintiff's credit report. Defendant argues that someone as concerned about the disputed accounts as plaintiff claims she was would have noted that 13 of the 14 disputed accounts were no longer on her credit report.

Defendant argues that it did, in fact, provide plaintiff with a statement that it had completed its investigation of her February 19th dispute. Appearing on page 1 of the updated report it sent to plaintiff is the statement "We have completed our investigation and the results are shown below." Defendant argues that no matter what investigation results were shown below the notice, it fulfilled its obligation under section 1681i(a)(6)(B)(i) to tell plaintiff it had completed its investigation.

#### 3. *Discussion.*

It does not appear that the updated credit report that plaintiff received was in full compliance with the statute. Even so, I conclude that that issue can best be resolved by the trial judge in this matter. This claim cannot be resolved on summary judgment because even if the notice does not comply with the statute, fact issues are raised by the reasonable procedures defense. Therefore, I recommend that plaintiff's motion for summary judgment on this issue be denied.

#### CONCLUSION

Defendant's motions (docs. 86 and 87) to strike certain of plaintiff's exhibits are DENIED as moot, and I recommend that plaintiff's motion (doc. 62) for partial summary judgment be DENIED.

#### SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States Dis-

trict Judge for review. Objections, if any, are due April 8, 2001. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

A party may respond to another party's objections within 10 days after service of a copy of the objection. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or the latest date for filing a response.