Renie **GUIMOND**, Plaintiff–Appellant,

v.

**TRANS UNION CREDIT INFORMATION COMPANY,** Defendant–Appellee.

No. 93–15800.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 1994.

Decided Jan. 19, 1995.

Timothy P. Rumberger, Berkeley, CA, for plaintiff-appellant.

Harry I. Jacobs, Encino, CA, for defendant-appellee.

Before: PREGERSON, WIGGINS, Circuit Judges; and FONG,* District Judge.

FONG, District Judge:

## INTRODUCTION

Renie Guimond ("Guimond") appeals the district court's grant of summary judgment in favor of Trans Union Credit Information Co. ("Trans Union") on her claims under the Federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, and the California Consumer Credit Reporting Agencies Act ("CCRAA"), California Civil Code § 1785.1 *et seq.*, alleging that Trans Union failed to correct inaccurate information in a consumer credit report and failed to disclose the source of the inaccurate information. Guimond also appeals the district court's award of attorneys' fees to Trans Union. Both parties seek fees on appeal. We AFFIRM in part, REVERSE in part and REMAND.

## BACKGROUND

Trans Union is a consumer credit reporting agency which maintained a consumer credit report for Guimond. Trans Union does not dispute Guimond's recitation of the facts.[1] Instead, Trans Union claims that liability cannot be predicated on those facts as a matter of law.

In October of 1989, Guimond became aware of and notified Trans Union of certain inaccuracies contained in her credit report. Specifically, the report incorrectly indicated

---

* The Honorable Harold M. Fong, U.S. District Court Judge for the District of Hawaii, sitting by designation.

1. At oral argument, Trans Union's counsel claimed Guimond never ordered a credit report. There is absolutely no evidence on the record to support this claim. Indeed, the only evidence is Guimond's affidavit which states that she ordered such a report.

that she was married, listed a social security for this non-existent spouse, indicated that she was also known as "Ruth Guimond", and erroneously stated that she had a credit card from Saks Fifth Avenue.

On November 10, 1989, Trans Union responded to Guimond's letter, stating that the erroneous information disputed by her had been removed. However, on March 29, 1990, Trans Union again published the erroneous information which it purportedly had removed.

Guimond then requested the source of the erroneous information from Trans Union. On April 28, 1990, Trans Union stated that it could not disclose the identity of the source of the disputed information because it did not know the source of the information. The disputed information was eventually removed from Guimond's file on October 25, 1990. No credit was denied to Guimond as a result of the inaccuracies in her credit file.

Guimond filed her complaint on January 10, 1992 alleging violations of the FCRA and the CCRAA. Specifically, Guimond claimed that Trans Union negligently and willfully 1) violated 15 U.S.C. § 1681e(b); 2) violated 15 U.S.C. § 1681g(a)(2); 3) violated 15 U.S.C. § 1681i(c); and 4) violated California Civil Code § 1785.1 *et seq.* Guimond claimed damages for: 1) fees collected by Trans Union for disclosure of source information, 2) lost opportunities, i.e. she had been deterred from applying for credit during the months pending resolution ·of this matter,[2] and 3) emotional distress, manifested by sleeplessness, nervousness, frustration, and mental anguish resulting from the incorrect information in her credit report.

On March 26, 1993, the district court granted Trans Union's motion for summary judgment, denied plaintiff's ·motion for summary judgment, and awarded Trans Union attorneys' fees and costs in the amount of $7,700. The court held that no liability could be imposed on Trans Union absent a denial

of credit. The court also held that liability could not be imposed because Guimond did not suffer any actual damages as there was no denial of credit.

## STANDARD OF REVIEW

■ A grant of summary judgment by a district court is reviewed de novo on appeal. *Jones v. Union Pacific R.R.*, 968 F.2d 937, 940 (9th Cir.1992).

## DISCUSSION

I. *Violation of 15 U.S.C. § 1681e(b)*

■ 15 U.S.C. § 1681e(b) states:

Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

The FCRA provides for compensation in the form of actual damages and attorneys' fees if a consumer reporting agency negligently fails to comply with any provision of FCRA. 15 U.S.C. § 1681o. In addition, a consumer can recover punitive damages for willful noncompliance. 15 U.S.C. § 1681n.

In granting Trans Union's motion for summary judgment, the district court noted that the parties disputed the scope of the term "actual damages" and disputed whether such damages were a prerequisite to finding Trans Union liable under § 1681e(b). The district court held that "while mental anguish may be an independent basis upon which to find liability, plaintiff in this case has not identified evidence sufficient to meet her burden to show that any damage due to emotional harm was caused by inaccuracies in defendant's credit report." The district court found that since there was no denial of credit, the emotional distress plaintiff claimed could not have resulted from Trans Union's activities, even if it came within the definition

---

**2.** Plaintiff's counsel elaborated on this damage theory at oral arguments. Guimond claims she was deterred from applying for credit because she knew that her credit file contained blatant inaccuracies which would affect her ability to get credit—i.e., the file stated that she had a spouse, which, according to the social security number,

was also her son, and it listed an extra social security number. Since Guimond has a right to apply for credit, her counsel argued she suffered damages as a result of Trans Union's conduct because she was deterred from exercising that right.

of actual damages. As a result, Guimond's claims were rejected due to lack of causation between Guimond's alleged harm and Trans Union's activities.

■ The term "actual damages" has been interpreted to include recovery for emotional distress and humiliation. *See Johnson v. Department of Treasury, I.R.S.,* 700 F.2d 971, 984 (5th Cir.1983) (mental anguish included as an element of recovery in FCRA claims); *Thompson v. San Antonio Retail Merchants Ass'n,* 682 F.2d 509, 514 (5th Cir. 1982); *Millstone v. O'Hanlon Reports, Inc.,* 528 F.2d 829, 834–35 (8th Cir.1976); *Bryant v. TRW, Inc.,* 487 F.Supp. 1234, 1240 (E.D.Mich.1980), *aff'd,* 689 F.2d 72 (6th Cir. 1982); *Jones v. Credit Bureau of Huntington, Inc.,* 184 W.Va. 112, 117, 399 S.E.2d 694 (1990). Moreover, no case has held that a denial of credit is a prerequisite to recovery under the FCRA.

Accordingly, as a procedural matter, the district court erred in granting summary judgment on the issue of causation because there was uncontroverted evidence to support Guimond's theory of liability. Trans Union did not contest Guimond's claims of damages, nor that those damages were a result of the inaccuracies in her credit report. On this record, summary judgment is inappropriate. The district court found that Guimond's claimed damages could not have resulted from Trans Union's activity because there was no denial of credit. Yet, absent some authority stating that a denial of credit, and not mere credit inaccuracies, are necessary for recovery under FCRA, the issue of causation should have been left for a fact finder to determine.

In addition, we find that a failure to comply with § 1681e(b) is actionable even absent a denial of credit. Accordingly, the district court erred in finding that any liability under § 1681e(b) was predicated, as a matter of law, on the occurrence of some event—denial of credit or transmission of the report to third parties—resulting from the compilation and retention of erroneous information.

**3.** No court has held that the prima facie case required that an inaccurate report was ever dis-

■ The FCRA was the product of congressional concern over abuses in the credit reporting industry. *St. Paul Guardian Insurance Co. v. Johnson,* 884 F.2d 881, 883 (5th Cir.1989). The legislative history of the FCRA reveals that it was crafted to protect consumers from the transmission of inaccurate information about them, *Kates v. Croker National Bank,* 776 F.2d 1396, 1397 (9th Cir.1985); *see also St. Paul,* 884 F.2d at 883 (citing *Pinner v. Schmidt,* 805 F.2d 1258, 1261 (5th Cir.1986), *cert. denied,* 483 U.S. 1022, 107 S.Ct. 3267, 97 L.Ed.2d 766 (1987), and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner. *St. Paul,* 884 F.2d at 883 (citing *Hovater v. Equifax. Inc.,* 823 F.2d 413, 417 (11th Cir.), *cert. denied,* 484 U.S. 977, 108 S.Ct. 490, 98 L.Ed.2d 488 (1987)). These consumer oriented objectives support a liberal construction of the FCRA. *Kates,* 776 F.2d at 1397.

■ Liability under § 1681e(b) is predicated on the reasonableness of the credit reporting agency's procedures in obtaining credit information. *Cahlin v. General Motors Acceptance Corp.,* 936 F.2d 1151, 1156 (11th Cir.1991); *Bryant v. TRW, Inc.,* 689 F.2d 72, 77 (6th Cir.1982); *Thompson v. San Antonio Retail Merchants Ass'n,* 682 F.2d 509, 513 (5th Cir.1982); *Ladner v. Equifax Credit Information Services,* 828 F.Supp. 427, 430 (S.D.Miss.1993); *Boothe v. TRW Credit Data,* 768 F.Supp. 434, 437 (S.D.N.Y. 1991). In order to make out a prima facie violation under § 1681e(b), a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information. *Cahlin,* 936 F.2d at 1156.[3] The FCRA does not impose strict liability, however—an agency can escape liability if it establishes that an inaccurate report was generated despite the agency's following reasonable procedures. The reasonableness of the procedures and whether the agency followed them will be jury questions in the overwhelming majority of cases. *Id.*

seminated.

An inquiry into the reasonableness of the procedures utilized by the agency in acquiring information belies a claim that liability under §· 1681e(b) must be predicated on the effect of that information once disseminated. In the instant case, the focus should not have been on Guimond's damage claims. Rather the inquiry should have centered on whether Trans Union's procedures for preparing Guimond's file contained reasonable procedures to prevent inaccuracies. Guimond has made out a prima facie case under § 1681e(b) by showing that there were inaccuracies in her credit report. The district court was then required to consider whether Trans Union was liable under § 1681e(b) before it determined that Guimond had suffered no recoverable damages.

The district court's application of § 1681e(b) is particularly troubling given the following statement in the court's opinion:

> "The fact that multiple errors existed does not show that defendant refused to correct the mistake or changed the entries back to the incorrect data [in Guimond's file], but rather indicates the unfortunate extent to which defendant's reporting system was plagued with errors."

This statement indicates that Trans Union might indeed be liable under § 1681e(b) because of the errors in its reporting system. Accordingly, we reverse the district court's grant of summary judgment on this issue and remand for trial of Guimond's claims applying the above-cited precedent.

## II. *Violations of 15 U.S.C. § 1681g(a)(2)*

■■■ 15 U.S.C. § 1681g(a)(2) states:

(a) Every consumer reporting agency shall, upon request and proper identification of any consumer, clearly and accurately disclose to the consumer:

   *     *     *     *     *     *

(2) The sources of its information; except that sources of information acquired solely for use in preparing an investigative consumer report and actually used for no other purpose need not be disclosed....

The district court granted Trans Union's motion for summary judgment because it found that Trans Union had satisfied the requirements of § 1681g(a)(2) when it informed Guimond that it did not know the source of the disputed information in her credit file. Again, there is a paucity of case law interpreting this provision. However, the district court's reasoning under this section is contrary to the purpose of the FCRA to promote the accuracy of information in a consumer credit report. Under 15 U.S.C. § 1681i(a), if there is no source for the disputed information in the consumer credit agency's files, the agency is required to either investigate the dispute or delete the unsupported information. If a consumer credit agency can satisfy the requirements of § 1681g merely by claiming ignorance, the entire provision would be rendered a nullity.

■■■ Trans Union argues that it was not required to identify the source of the erroneous social security number and alias because these items were mere identifying indicia, the genesis of which need not be disclosed under § 1681g. Not only is there no support for this proposition, but it does not dispose of Guimond's claims with respect to the source of the misinformation regarding a Saks Fifth Avenue Credit card. Accordingly, we reverse the district court's grant of summary judgment on Guimond's claims under this provision and remand the issue for application of the facts to this legal standard.

## III. *Violations of 15 U.S.C. § 1681i(c)*

■■■ 15 U.S.C. § 1681i(c) states:

(c) **Notification of consumer dispute in subsequent consumer reports.** Whenever a statement of dispute is filed, unless there is reasonable grounds to believe that it is frivolous or irrelevant, the consumer reporting agency shall, in any subsequent consumer report containing the information in question, clearly note that it is disputed by the consumer and provide either the consumer's statement or a clear and accurate codification or summary thereof.

The district court granted Trans Union's motion for summary judgment after adopting Trans Union's position: "since, under the FCRA there must first be an intervening reinvestigation between the dispute of an item of information and the placement of a

statement on file," Trans Union was not liable absent reinvestigation.

In order to interpret § 1681i(c), it is necessary to look at the two preceeding subsections:

(a) **Dispute; Reinvestigation.** If the completeness or accuracy of any such item of information contained in his file is disputed by a consumer, and such dispute is directly conveyed to the consumer reporting agency ..., the consumer reporting agency shall ... reinvestigate ... that information.... If after such reinvestigation such information is found to be inaccurate or can no longer be verified, the consumer reporting agency shall promptly delete such information....

(b) **Statement of dispute.** If the reinvestigation does not resolve the dispute, the consumer may file a brief statement setting forth the nature of the dispute. The consumer reporting agency may limit such statements to not more than one hundred words if it provides the consumer with assistance in writing a clear summary of the dispute.

Since a statement of dispute under § 1681i(b) need only be filed if the reinvestigation provided for in § 1681i(a) does not resolve the consumer's complaint, the district court was correct in concluding that reinvestigation is a predicate to the filing of a statement of dispute, and hence that statement's inclusion in any consumer report.

Accordingly, in order to prove Trans Union's liability under § 1681i(c), Guimond must show that she disputed an item in her file and that any reinvestigation conducted by Trans Union did not resolve the dispute. These two elements are established by Guimond's uncontradicted statements in her affidavit—she informed Trans Union that her report contained inaccuracies and Trans Union failed to delete these inaccuracies. However, Guimond must also show that she filed a statement of dispute and that it was not included with subsequent copies of her consumer report. Nowhere has Guimond claimed that she filed a statement of dispute. Indeed, Guimond's complaint seems to state either that 1) Trans Union did not perform any reinvestigation, or 2) after discovering the disputed information was inaccurate, Trans Union did not remove the information

from her file—a claim more properly brought under § 1681i(a). As a result, she has not established Trans Union's liability under this section. *See Mirocha v. TRW, Inc.,* 805 F.Supp. 663, 670 (S.D.Ind.1992) (no duty to include a statement of dispute unless such statement was filed by consumer with agency); *see also Boothe,* 768 F.Supp. at 438 (same). Thus, we affirm the district court's resolution of Appellant's claims under 15 U.S.C. § 1681i(c).

IV. *Violations of CCRAA, § 1785.1 et seq.*

The CCRAA mirrors the provisions of the FCRA. The district court held that Trans Union was not liable for Guimond's CCRAA claims under the following analysis:

The seventh and eighth causes of action allege violations of CCRAA § 1785.31(a) for failure to correct information in the credit report found to be inaccurate. § 1785.31(a) states:

If a reinvestigation is made and, after reinvestigation, the disputed item of information is found to be ... inaccurate ... the consumer credit reporting agency shall promptly add, correct, or delete such information from the consumer's file.

Defendant argues for summary judgment reasoning that there can be "no disputed item of information" because plaintiff was never denied credit based on Trans Union consumer report. An "item of information" is "any of one or more informative entries in a credit report which causes a creditor to deny credit to an applicant or increase the cost of credit to an applicant...." Civil Code § 1785.3(g). Plaintiff replies that she was damaged, not by a denial of credit based on a Trans Union consumer report, but by a disclosure of her credit file. The evidence indicates that defendant corrected inaccuracies in Plaintiff's report each time it was informed of an error. The fact that multiple errors existed does not show that defendant refused to correct the mistake or changed the entries back to the incorrect data, but rather indicates the unfortunate extent to which defendant's reporting system was plagued with errors.

Not only is the above paragraph technically inaccurate, but it is unsupported by the

record. Section 1785.31(a) actually states: "Any consumer who suffers damages as a result of a violation of this title by any person may bring an action in a court of appropriate jurisdiction against that person to recover the following: ...." In addition, there is no evidence to support the proposition that Trans Union corrected the errors in Guimond's file. Indeed, since the errors kept appearing in her file, they could not have been corrected.

Appellee argues that the district court's opinion should be affirmed because by using the term "applicant" and defining an Item of Information to include only those items in a credit report which cause a denial of credit, the California Legislature sent a clear message that there could be recovery only if an "item of information" caused damage. Appellee claims that the term "applicant" is defined by Civil Code § 1785.2(e)(1) as "a natural person who applies for credit primarily for personal, family or household purposes."

Appellee's statutory citations are erroneous: § 1785.2(e)(1) does not exist. Section 1785.2 states "[t]his act may be referred to as the Consumer Credit Reporting Agencies Act." In an earlier version of Appellee's papers, the above definition of an Item of Information was said to be contained in § 1787.2(e)(1). However, § 1787 is not part of the CCRAA, and any reference to "applicant" was deleted from the CCRAA in 1992. Accordingly, Appellee's arguments are completely groundless.

Guimond's papers are also unhelpful because she has not indicated the portion of the CCRAA under which she has brought suit.

Since the CCRAA mirrors the FCRA, Guimond should be successful on the same claims under the identical provisions of the CCRAA. Essentially, Guimond is claiming that the disputed information was not removed from her file. However, absent an indication of which provisions of the CCRAA Guimond alleges were violated, this court cannot resolve her claims on appeal. Accordingly, we reverse the district court's grant of summary judgment on Appellant's CCRAA claims.

### V. *Attorneys' fees*

The FCRA provides that "in the case of any successful action to enforce liability under this section, the costs of the action together with reasonable attorneys' fees as determined by the court [will be awarded]." 15 U.S.C. §§ 1681n(3) and 1681o(2). Thus, under FCRA, only plaintiffs are entitled to recover attorneys' fees. By contrast, the CCRAA provides "[t]he prevailing parties in any action commenced under this section shall be entitled to recover court costs and reasonable attorney's fees." Cal.Civil Code § 1785.31(d).

The district court awarded Trans Union attorneys' fees, in the amount of $7,700, pursuant to California Civil Code § 1785.1(d).[4] Since we reversed the district court's disposition of Appellant's CCRAA claims, we vacate the award of attorneys' fees. Even if Trans Union were to succeed on Guimond's CCRAA claims, however, an award of $7,700 in fees to Trans Union is inappropriate in the present case. To allow such an award to stand would have a chilling effect on consumer claims challenging potentially inaccurate credit reporting practices in contravention of the purpose of the CCRAA. While consumer reporting agencies should not be subject to frivolous suits, the district court's own finding that Trans Union's system was "plagued with errors" belies any claim that Guimond has presented a frivolous cause of action. Accordingly, Guimond should not be penalized for bringing this suit. In addition, since Trans Union did not prevail on the CCRAA claims on appeal, we deny the request for fees on appeal pursuant to this section.

Appellant has also requested fees on appeal pursuant to 15 U.S.C. § 1681o. Since we remand most of Appellant's claims, an award of fees would be premature.

### CONCLUSION

We reverse the district court's grant of summary judgment on Appellant's claims under 15 U.S.C. § 1681e(b), 15 U.S.C. § 1681g(a) and the CCRAA. The district court erred in holding that a denial of credit was a predicate to liability under 15 U.S.C. § 1681e(b). The district court also erred in

---

4. The court miscited the attorneys' fees provision of the CCRAA; the proper cite is § 1785.31(d).

holding that a consumer credit reporting agency can satisfy the statutory obligation to disclose the source of information in a consumer file under 15 U.S.C. § 1681g(a) merely by claiming that it does not know the source of disputed information. We remand Appellant's claims under these sections for further proceedings applying the precedent cited in this opinion. We affirm the district court's holding that liability for nondisclosure of disputed information under 15 U.S.C. § 1681i(c) was predicated on a reinvestigation of the disputed item, thus affirming the district court's grant of summary judgment in favor of Trans Union on Guimond's claims under this section. Finally, we vacate the award of attorneys' fees under the CCRAA, and both parties' request for fees on appeal is denied. AFFIRMED in part, REVERSED in part and REMANDED.