**Stanley SPITZER and Rose Spitzer, Plaintiffs,**

v.

**TRANS UNION LLC, Defendant.**

**No. 2:99–CV–24–BO(2).**

United States District Court, E.D. North Carolina, Northern Division.

Aug. 2, 2000.

Stanley Spitzer, Hertford, NC, plaintiff pro se.

Rose Spitzer, Hertford, NC, plaintiff pro se.

Keith A. Williams, Greenville, NC, for Trans Union LLC, defendant.

## ORDER

BOYLE, Chief Judge.

This matter is before the Court on Defendant's Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The underlying complaint alleges that Defendant Trans Union violated the Fair Credit Reporting Act, North Carolina's Unfair and Deceptive Trade Practices Act, and North Carolina common law by furnishing inaccurate information respecting two bankruptcies and a derogatory commercial real estate mortgage loan with Security Pacific. For the reasons given below, Defendant's Motion is GRANTED.

## BACKGROUND

In February of 1997, Plaintiffs Stanley Spitzer and Rose Spitzer applied for a loan to refinance their home. During the application process, Plaintiffs claim to have learned that Defendant Trans Union, a consumer reporting agency, had included incorrect information in their credit report. Plaintiffs state that they contacted Defendant regarding the alleged misinformation, repeatedly requesting that it be removed from their record. Plaintiffs allege that Trans Union replied with "computer generated form letters," but finally produced the address of Security Pacific to Plaintiffs, claiming that they had verified the entries. Plaintiffs claim that this address was incorrect, as it was four years out of date. Plaintiffs later admitted, in depositions, that the information was technically accurate, but complain that it did not fairly present the unusual circumstances of their story. Plaintiffs further charge that Defendant did not satisfactorily incorporate their explanatory consumer statement into the credit reports.

Plaintiffs, acting *pro se*, commenced this action in March, 1999 in the General Court of Civil Justice, Superior Court Division, for Perquimans County, North Carolina. Plaintiffs state claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, North Carolina's Unfair and Deceptive Trade Practices Act, N.C.G.S. 75–1.1 *et seq.*, and North Carolina common law. Defendant removed the matter to this Court on April 14, 1999 and moved for summary judgment on November 1, 1999. Plaintiffs responded on December 14, 1999. Defendant filed its reply on January 5, 1999. Plaintiffs filed a surreply on Janu-

ary 12, 1999. All issues are fully briefed and ripe for ruling.

## ANALYSIS

### I. Summary Judgment Standard

A motion for summary judgment cannot be granted unless there are no genuine issues of material fact for trial. Fed. R.Civ.P. 56(c); *See Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The movant must demonstrate the lack of a genuine issue of fact for trial, and if that burden is met, the party opposing the motion must "go beyond the pleadings" and come forward with evidence of a genuine factual dispute. *Id.* at 324, 106 S.Ct. 2548 (1986). The Court must view the facts and the inferences drawn from the facts in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Conclusory allegations are not sufficient to defeat a motion for summary judgment. *Cf. Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### II. Plaintiffs' § 1681e(b) Fair Credit Reporting Act Claim

■ Plaintiffs state two causes of action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* Plaintiffs' first FCRA claim arises under Section 1681e(b), which states that "whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." It is well established that a case of "negligent noncompliance with § 1681e(b) consists of four elements:" (1) inaccurate information was included in a consumer's credit report; (2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered injury; and (4) the consumer's injury was caused by the inclusion of the inaccurate entry. *See, e.g., Philbin v. Trans Union Corp.,* 101 F.3d 957, 963 (3rd Cir.1996).

Defendant argues that the § 1681e(b) claim fails because the information reported was accurate and because Plaintiffs were not harmed by the inclusion of the information they allege is inaccurate. In support of this contention, Defendant relies upon Plaintiff Stanley Spitzer's deposition, in which he acknowledges that he and Plaintiff Rose Spitzer "in [their] negligence" signed a balloon mortgage for the benefit of his brother's business venture without reading the terms of the note. *See Plaintiffs' Response* at 2. Mr. Spitzer reports that his brother's "house of cards collapsed" and that his brother eventually defaulted on the loan, resulting in Plaintiffs' being forced to assume the payments. *See Stanley Spitzer Affidavit* at 14–15.

Plaintiffs make several key admissions regarding the veracity of the items reported on their consumer report. First, Plaintiffs admit throughout their depositions that they made several late payments to Security Pacific. Plaintiffs do not contest the accuracy of Trans Union's reporting of these late payments, but note that they made double-payments whenever they missed a month's mortgage payment.

Next, Plaintiffs admit that they filed for bankruptcy to delay foreclosure on the collateral—their home—but note that they eventually made full payment to Trans Union and that the bankruptcy filing was dismissed. Plaintiffs maintain that the principal was "suddenly" due and that they were "presented with a $250,000 payment to be made in one lump sum." *See Plaintiffs' Response* at 2; *Stanley Spitzer Affidavit* at 14–15. They claim that they eventually transferred "a $400,000 income-

producing waterfront property" to Security Pacific, the value of which exceeded their outstanding balance, and that Security Pacific made payment to them of the difference as a result.

Plaintiffs then admit that they filed for bankruptcy a second time in North Carolina. The record shows that this second bankruptcy arose from Plaintiffs' change of residence from New York to North Carolina, at which time their New York bankruptcy was dismissed and Plaintiffs re-filed for bankruptcy in North Carolina.

■ Finally, Plaintiffs argue that they "are not contending that [Defendant] violated the FCRA by furnishing inaccurate information respecting [the] two bankruptcies." *See Plaintiffs' Response* at 3. Rather, Plaintiffs contend that the inaccuracies of which they complain arise from Defendant's "taking the core of the vital explanation of [the bankruptcies] and willfully handicapping our sole relief in their reporting . . . bury[ing] our statement at the very end of our report." *See Id.* at 4.

These admissions doom Plaintiffs' case to failure by establishing the accuracy of Defendant's credit reports, which details a record of late payments and two bankruptcies filed as a result of the same debt. Plaintiffs acknowledge that their true complaint is with the *way* in which Defendant framed these admittedly accurate entries. Plaintiffs are unhappy with Defendant's decision to report their consumer statement at the end of the credit report, arguing that a "credit reader" would not "bother to take [its] precious time to read

beyond the very first two postings." Plaintiffs prefer that the explanations be listed directly underneath the bankruptcy postings.

In so arguing, Plaintiffs ignore their own correctly stated synopsis of the FCRA—that it "does not designate the location of [ ] Consumer Statements." *See Id.* at 5. Section 1681i of the FCRA outlines the procedure to be followed in cases in which consumers dispute the completeness or accuracy of information contained in their file. If the agency reinvestigates the information but the dispute remains unresolved, "the consumer may file a brief statement setting forth the nature of the dispute." 15 U.S.C. § 1681i(b). Once such a statement is filed, the agency must provide the statement or a summary of it "in any subsequent consumer report containing the information in question," provided, however, that the statement need not be reported if "there is [sic] reasonable grounds to believe that it is frivolous or irrelevant." 15 U.S.C. § 1681i(c).[1]

■ Thus, it is clear that Plaintiffs state no valid claim of "inaccuracy" in Defendant's reporting of their credit history. Having admitted to their late payments and to twice filing for bankruptcy, Plaintiffs are left with no claims of actual inaccuracy, and thus cannot satisfy the first element of a § 1681e(b) claim. Accordingly, this Court finds that the information reported is complete and accurate, and that Defendant is entitled to summary judgment as to this cause of action.[2]

---

1. The issue of whether Defendant's inclusion of the consumer statement was adequately reported, a question raised under § 1681i of the FCRA, is fully discussed in Section III below.

2. This Court need not make any finding as to the other elements of a § 1681e(b) claim, but notes that even though the credit information

reported is accurate, Plaintiffs appear likely to have met their burden as to the second element of a § 1681e(b) claim, "failure to follow reasonable procedures to assure maximum possible accuracy." Their account of Trans Union's responses to their years of inquiry details a pattern of behavior that is unhelpful at best and unreasonably neglectful and careless at worst.

### III. Plaintiffs' § 1681i Fair Credit Reporting Act Claim

Plaintiffs' second FCRA claim arises under Section 1681i. This section, discussed above, states that "if the completeness or accuracy of any . . . information contained in his file is disputed by a consumer, and such dispute is directly conveyed to the consumer reporting agency . . ., the consumer reporting agency shall . . . reinvestigate . . . that information. . . . If after such reinvestigation such information is found to be inaccurate or can no longer be verified, the consumer reporting agency shall promptly delete such information." 15 U.S.C. § 1681i(a).

"If the reinvestigation does not resolve the dispute, the consumer may file a brief statement setting forth the nature of the dispute." 15 U.S.C. § 1681i(b). "Whenever a statement of dispute is filed, unless there is reasonable grounds to believe that it is frivolous or irrelevant, the consumer reporting agency shall, in any subsequent consumer report containing the information in question, clearly note that it is disputed by the consumer and provide either the consumer's statement or a clear and accurate codification or summary thereof." 15 U.S.C. § 1681i(c).

Accordingly, a proper cause of action under § 1681i must state the following elements: (1) plaintiff disputed an item of information in his file; (2) any reinvestigation did not resolve this dispute; (3) plaintiff elected to file a statement of dispute; and (4) the statement of dispute was not included with subsequent copies of plaintiff's consumer report. *See e.g. Guimond v. Trans Union,* 45 F.3d 1329, 1335 (9th Cir.1995).

As noted in Section II above, all parties agree that Defendant included Plaintiffs' statement of dispute in all subsequent copies of Plaintiffs' consumer report. Thus, all parties agree that the final element of a § 1681i claim cannot be satisfied. Plaintiffs' dissatisfaction with the placement of their statement within the report will not suffice to state a proper cause of action under § 1681i. For this reason, Defendant is entitled to summary judgment as to this cause of action as well.

### IV. Plaintiffs' State and Common Law Claims

Plaintiffs have failed to argue and thus appear to have abandoned their state and common law claims. Further, these claims are preempted and barred by the FCRA, which states that:

> Except as provided in Sections 616 [§ 1681n] and 617 [§ 1681o], no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e). As discussed above, Plaintiffs cannot show that the information provided was false or inaccurate. Defendant is therefore entitled to summary judgment as to these claims.

### CONCLUSION

For the reasons discussed above, Defendant's Motion for Summary Judgment is hereby GRANTED in its entirety.

SO ORDERED.