**Harry David WILLIAMS, Plaintiff–Appellant,**

v.

**COUNTY OF SANTA BARBARA; Russell Birchim; County of San Diego; Mike Finch, Defendants–Appellees.**

**No. 03–56863.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2005.*

Decided Oct. 31, 2005.

Office of the County Counsel, San Diego, CA, for Defendants–Appellees.

Before: FARRIS, FERNANDEZ, and BYBEE, Circuit Judges.

## MEMORANDUM **

Harry David Williams appeals the dismissal of his action filed April 4, 2003, against the County of Santa Barbara, Russell Birchim, the County of San Diego and Mike Finch. We affirm.

Williams did not file this action within two years following the alleged occurrence—April 23, 1998. Thus, it was filed beyond the Fair Credit Reporting Act's statute of limitations. *See* 15 U.S.C. § 1681p (1970) (amended 2003). The running of that statute of limitations may be tolled only if a defendant misrepresents information required to be disclosed *"to an individual,"* and the misrepresentation is material to establishing the defendant's liability *"to that individual." Id.* (emphasis added); *see also TRW, Inc. v. Andrews,* 534 U.S. 19, 22–23, 122 S.Ct. 441, 444, 151 L.Ed.2d 339 (2001). Here, no information required to be disclosed was misrepresented, and no representation, false or otherwise, was made to Williams.[1] Thus, the action was untimely.

AFFIRMED.

Donald G. Norris, Esq., and Douglas F. Galanter, Esq., Norris & Galanter, LLP, Los Angeles, CA, for Plaintiff–Appellant.

Stephen Shane Stark, Esq., Office of the County Counsel, Santa Barbara, CA; Barbara S. Huff, Esq., and John J. Sansone,

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Of course, liability may have been incurred, but that could not, ipso facto, toll the statute of limitations.

BYBEE, Circuit Judge, dissenting.

I cannot join the majority's opinion. The majority construes 15 U.S.C. § 1681p[1] to mean that appellees County of San Diego and its employee Mike Finch (collectively "San Diego") cannot be liable to appellant Williams because it did not misrepresent anything to him. But San Diego plainly misrepresented to the credit agencies that it was obtaining Williams' credit report for employment purposes, and the fact that San Diego obtained the report under this pretense was information required to be disclosed to Williams. I therefore believe that Williams has satisfied the requirements of the misrepresentation exception, Section 1681p, which permits Williams to litigate his false pretenses claim because he brought it within two years after he discovered the misrepresentation. I respectfully dissent.[2]

### A. Misrepresentation of Information Required to be Disclosed to Williams

In my view, the majority makes three mistakes in its construction of the statute.

First, the majority reads into the statute a requirement that a misrepresentation must have been made to Williams. San Diego acquired Williams' credit report from Trans Union Credit Agency and Experian (collectively "credit agencies") by representing that the report was being acquired for employment purposes.[3] This was a clear misrepresentation to the credit agencies because, in fact, San Diego was obtaining the report as part of an informal criminal investigation of Williams. The majority erroneously attaches importance to the fact that "no representation . . . was made to Williams," maj. op. at ——, but Section 1681p does not require that a representation be made to Williams. Rather, it requires only that the defendant have "misrepresented any information required . . . to be disclosed to an individual." The statute simply does not require that the information must be misrepresented to Williams. A misrepresentation could be made to anyone, so long as it was a misrepresentation of information required to be disclosed to Williams. The majority thus rewrites the statute to read: "misrep-

1. Section 1681p states:

   An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within two years from the date on which the liability arises, *except that where a defendant has materially and willfully misrepresented any information required under this subchapter to be disclosed to an individual and the information so misrepresented is material to the establishment of the defendant's liability to that individual under this subchapter, the action may be brought at any time within two years after discovery by the individual of the misrepresentation.*
   15 U.S.C. § 1681p (2000) (emphasis added). Congress amended this subsection in 2003; however, Williams filed his suit prior to the amendment.

2. Ordinarily, in a case such as this, I would ask that the opinion be published. I have not

done so because Congress has amended the statute in such a way that this situation cannot repeat itself. *See* 15 U.S.C. § 1681p (2003) (eliminating the misrepresentation exception and permitting suit "not later than the earlier of—(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs.").

3. In fact, San Diego made two misrepresentations to the credit agencies: one, that it was obtaining Williams' credit report for employment purposes; and two, that it had notified Williams of this fact and obtained his consent, which is required by Section 1681b(b)(2). The first misrepresentation is the one that is critical to my reading of Section 1681p. As I will explain, the fact that San Diego obtained the report for employment purposes was "information required . . . to be disclosed to [Williams]" under Section 1681p.

resented to an individual any information required ... to be disclosed to that individual." A misrepresentation to Williams would plainly be sufficient to satisfy the statute, but it is not the only misrepresentation that comes within Section 1681p. The plain language of Section 1681p does not support the majority's overly limiting construction.

Second, the majority erroneously states that "no information required to be disclosed was misrepresented...." Maj. Op. at ——. In doing so, the majority fails to mention Williams' primary argument that 15 U.S.C. § 1681b, entitled "Permissible purposes of consumer reports," required San Diego to disclose to Williams that it was obtaining his credit report for employment purposes. Section 1681b(b)(2), entitled "Disclosure to consumer," states:

> Except as provided in subparagraph (B), *a person may not procure a consumer report*, or cause a consumer report to be procured, *for employment purposes with respect to any consumer, unless*—(i) *a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured*, in a document that consists solely of the disclosure, *that a consumer report may be obtained for employment purposes*; and (ii) the consumer has authorized in writing ... the procurement of the report by that person.

15 U.S.C. § 1681b(b)(2) (Supp.2004) (emphasis added). Under a plain reading of Section 1681b, San Diego was required to disclose to Williams that it was obtaining his credit report for employment purposes.[4]

This interpretation is consistent with Congress' purposes for enacting the Fair

Credit Reporting Act ("FCRA"), one of which was "to safeguard against ... the improper disclosure of a credit report." *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1074 (9th Cir.2001); *see also* 15 U.S.C. § 1681(a)(4) (2000) ("There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy."). We have held that these objectives entitle the FCRA to a "liberal construction." *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir.1995). The majority's construction would frustrate these congressional purposes by permitting entities to obtain an individual's credit report via misrepresentation so long as no misrepresentation is made to the individual. This behavior is fundamentally at odds with the congressional goals of avoiding improper disclosures and respecting the consumer's right to privacy.

Finally, and perhaps most importantly, requiring that the misrepresentation be made to the individual to whom information must be disclosed would render the exception to the general rule in Section 1681p entirely superfluous. The general rule of Section 1681p permits suit "within two years from the date on which the liability arises." The exception in Section 1681p permits suit "any time within two years after discovery by the individual of the misrepresentation." The problem is that, under the majority's interpretation, liability would arise once the misrepresentation has been made to the individual. In other words, the exception would be no different from the general rule because a misrepresentation to the individual would trigger "the date on which the liability arises." In such cases, the misrepresenta-

---

4. The fact that the information was ultimately *not* disclosed to Williams is not dispositive. Section 1681p only requires that the misrep-  resented "information" be the type of information that *is required* to be disclosed by the subchapter, not that it actually *was disclosed*.

tion itself is the basis for liability. Consequently, the majority reads the exception out of the general rule.

## B. Materiality

Section § 1681p states that it is the information misrepresented, not the misrepresentation itself, that must be material to the establishment of the defendant's liability. Here, the information misrepresented—that San Diego was obtaining Williams' credit report for employment purposes—was material to establishing San Diego's liability to Williams. "[O]btaining a consumer report in violation of the terms of the statute without disclosing the impermissible purpose for which the report is desired can constitute obtaining consumer information under false pretenses...." *Hansen v. Morgan*, 582 F.2d 1214, 1219–20 (9th Cir.1978); *see also Zamora v. Valley Fed. Sav. & Loan Ass'n of Grand Junction*, 811 F.2d 1368, 1370 (10th Cir.1987) ("[I]f a user requests information for a purpose not permitted by § 1681b while representing to the reporting agency that the report will be used for a permissible purpose, the user may be subject to civil liability for obtaining information under false pretenses."). The essence of Williams' claim is that San Diego obtained his credit report under the false pretense that it was doing so for employment purposes. The misrepresented information was material to establishing San Diego's liability to Williams.[5]

## C. Conclusion

San Diego misrepresented to the credit agencies that it was obtaining Williams'

credit report for employment purposes when in fact it was obtaining the report for non-employment purposes. The fact that San Diego was obtaining Williams' credit report for employment purposes was information that it was required to disclose to Williams under Section 1681b(b)2. I believe the majority's overly restrictive interpretation is inconsistent with the purposes and plain language of the statute. I would reverse and remand to the district court to allow the claim to proceed on the merits.

---

5. Under a proper reading of Section 1681p, Williams is also not time-barred from bringing a claim against appellees County of Santa Barbara and Russsell Birchim (collectively "Santa Barbara"). The plain language of Section 1681p does not delineate *who* may be sued. Rather, it states *when* a claim may be filed. As argued in its brief to this Court, Santa Barbara may very well not be liable to Williams under the FCRA because San Diego actually procured the report. The issue on appeal, however, is not whether the claim is meritorious, but whether the claim is time-barred.