Sol JAFFE, Plaintiff—Appellant,

v.

ST. LUKE'S MEDICAL CENTER, LP, Defendant,

and

Experian Information Solutions, Inc.; et al., Defendants—Appellees.

No. 05–15371.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Decided Aug. 1, 2006.

Sol Jaffe, Phoenix, AZ, pro se.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Timothy Joel Eckstein, Esq., Osborn Maledon, P.A., Phoenix, AZ, Ryan C. Stottlemyer, Esq., Jones Day, Irvine, CA, Mark D. Fullerton, Esq., Martin Hart & Fullerton, Mesa, AZ, Stephen H. Turner, Esq., Carlson, Messer & Turner LLP, Los Angeles, CA, for Defendants–Appellees.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Sol Jaffe appeals pro se from the district court's summary judgment in favor of Experian Information Solutions, Inc. ("Experian") and Cactus Collection Specialists, Inc. ("Cactus") in his action alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.,* and various state law torts. We have jurisdiction pursuant to 28 U.S.C. § 1291. After de novo review, *Guimond v. Trans Union Credit Info. Co.,* 45 F.3d 1329, 1332 (9th Cir.1995), we affirm.

The district court properly granted Experian summary judgment because Jaffe failed to raise a triable issue of fact as to whether Experian listed obsolete information on Jaffe's credit report, or violated any other duty imposed by the FCRA. *See* 15 U.S.C. § 1681c(a); *see also FTC v. Publ'g Clearing House, Inc.,* 104 F.3d 1168, 1171 (9th Cir.1997) (holding that conclusory, self-serving statements lacking de-

tailed facts and supporting evidence are insufficient to create a genuine issue of material fact). We reject Jaffe's contention that any Arizona statute of limitation governs the length of time a debt may remain on his credit report. *See* 15 U.S.C. § 1681c (specifying permissible reporting periods).

The district court properly granted Cactus summary judgment because Jaffe did not raise a triable issue of fact as to whether Cactus failed to investigate the disputed debt it had reported to various credit bureaus, or violated any other duty imposed by the FCRA. *See* 15 U.S.C. § 1681s–2(b).

To the extent Jaffe challenges the district court's award of attorney's fees to dismissed defendant American Express, we find no abuse of discretion, given Jaffe's pattern of meritless discovery motions and the court's repeated warnings that such bad-faith filings would lead to sanctions. *See Wages v. IRS*, 915 F.2d 1230, 1235–36 (9th Cir.1990) (applying sanction provisions of 28 U.S.C. § 1927 to pro se litigants); *see also* 15 U.S.C. § 1681n(c) (permitting award of attorney's fees upon court's finding that unsuccessful motion in action under the FCRA was filed in bad faith or for purposes of harassment).

Jaffe's remaining claims lack merit.

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.