EBEL, Circuit Judge,
concurring.
I am pleased to concur in the majority’s opinion. I write separately only to emphasize that the FCRA requires consumer reporting agencies to “follow reasonable procedures to assure maximum possible accuracy of the information” contained in the published consumer report. 15 U.S.C. § 1681e(b)[1]; cf. Guimond, v. Trans Union Credit Info. Co., 45 F.3d 1329, 1334 (9th Cir.1995) (“An inquiry into the reasonableness of the procedures utilized by the agency in acquiring information belies a claim that liability under § 1681e(b) must be predicated on the effect of that information once disseminated.”). Accordingly, in other circumstances, a consumer reporting agency could be held liable under the FCRA even if recipients of the consumer report commonly follow up on information in that report to clarify or supplement that information.
Here, however, this nuance arises as an evidentiary matter. The industry practice evidence at issue was arguably relevant when the plaintiffs’ negligence claims, see *1195 15 U.S.C. § 1681o, were extant. But even after the trial court dismissed the negligence claims, one could reasonably argue that the evidence was relevant to plaintiffs’ claims that USIS wilfully violated the FCRA. See id. § 1681n. And the jury instructions adequately explained that the jury was to focus on the accuracy of the published EHRs. Therefore, I am satisfied that the trial court did not abuse its discretion and there was no prejudicial error.

. In pertinent part, this section provides:
(b) Accuracy of report
Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.
15 U.S.C. § 168 le(b).