MEMORANDUM **
John Marshall appeals from the district court’s order granting Swift River Academy, LLC’s motion to dismiss for failure to state a claim under the Fair Credit Reporting Act (“FCRA”), 84 Stat. 1128, as amended, 15 U.S.C. § 1681, et seq., and for various state law defamation claims. We affirm.
Marshall argues that Swift River failed properly to serve co-defendants with its motion, stripping the court of jurisdiction over the motion. That argument is supported by neither logic nor authority. Service was not improper, in any event. The applicable version of Rule 5 allows service to be effected by “electronic means” explaining such service “is complete on transmission.” Fed.R.Civ.P. 5(b)(2)(D) (2006). The Local Rules stated “[transmission of the Notice of Electronic Filing (NEF) constitutes service of the filed document upon each party in the case who is registered as an electronic case filing user with the Clerk.” Local Rules of Practice for the United States Court for the District of Nevada, Rule 5-4 (2006). The electronic service was appropriate and sufficient.
Marshall may not maintain a claim under the FCRA for violation of Section 1681s-2(a), which imposes certain duties on those who furnish information to consumer reporting agencies (“CRAs”) in order to encourage accurate reporting. Sections 1681n and 1681o create a private right of action authorizing consumers to sue anyone who willfully or negligently fails to comply with a FCRA consumer requirement. However, Section 1681s-2(c) provides that, except for suits brought by government entities, Sections 1681n and 1681o do not apply to violations of Sections 1681s-2(a) or 1681s-2(e). Section 1681s-2(d) further emphasizes those statutory provisions “shall be enforced exclusively” by federal and state officials. Moreover, we have at least twice specifically held that consumers may not maintain an action for violation of Section 1681s-2(a). Gorman v. Wolpoff & Abramson, LLP, 552 F.3d 1008, 1014 (9th Cir.2009) (“Duties imposed on furnishers under [Section 1681s-2(a) ] are enforceable only by federal or state agencies.”); Nelson v. Chase Manhattan Mortgage Corp., 282 F.3d 1057, 1059-60 (9th Cir.2002) (“Congress limited the enforcement of the duties imposed by § 1681s- *15 2(a) to governmental bodies.”).[1]
While the FCRA permits suits for violation of Section 1681s-2(b) duties, Gorman, 552 F.3d at 1014, “[t]hese duties arise only after the furnisher receives notice of dispute from a CRA; notice of a dispute received directly from the consumer does not trigger furnishers’ duties.... ” Id. (emphases added); see also Nelson, 282 F.3d at 1060 (describing Section 1681s-2(b) as instituting a “filtering mechanism ... by making the disputatious consumer notify a CRA and setting up the CRA to receive notice of the investigation by the furnisher”). Marshall contends Swift River received notice of his dispute from the CRA “during March 2006.” However, the CRA removed the disputed debt from Marshall’s credit report by March 3, 2006, so nothing more needed to be done. See 15 U.S.C. § 1681s-2(b)(2) (obliging furnishers to fulfill their Section 1681s-2(b) duties by the CRA’s 30-day deadline for completing its reinvestigation). The goal of the FCRA—accurate credit reporting—was timely achieved, precluding recovery under Section 1681s-2(b). See Gorman, 552 F.3d at 1013 (“[T]o ensure that credit reports are accurate, the FCRA imposes some duties on the sources that provide credit information to CRAs .... ”); see also Guimond v. Trans Union Credit Info. Co., 45 F.3d 1329, 1333 (9th Cir.1995) (assuming “credit inaecuracies[ ] are necessary for recovery under [the] FCRA”).
Under the circumstances of this case, the district court properly concluded that Marshall’s state law claims, based exclusively on information Express Recovery Services, Inc. furnished to the CRA, are preempted by the FCRA. See 15 U.S.C. § 1681t(b)(l)(F).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Although not discussed by the district court, Marshall's claim that Swift River violated Section 1681s-2(e)'s accuracy guidelines is similarly barred. See Nelson, 282 F.3d at 1059 (discussing the ban on private enforcement actions Sections 1681s-2(c) and 1681s-2(d) produce).