HURWITZ, Circuit Judge, dissenting:
Because I conclude that the district court erred in granting summary judgment in favor’ of U.S. Bank on the FCRA and RE SPA claims, I respectfully dissent.
1. Applying the parol evidence rule, the district court excluded testimony about oral representations made by bank employees that the Jensens were not required to pay delinquencies accruing during the TPP period until the end of the loan. None of the governing documents, however, addresses the timing of these payments. Because the alleged oral representations do not contradict the written agreements, they were improperly excluded. See, e.g., Siegner v. Interstate Prod. Credit Ass’n of Spokane, 109 Or.App. 417, 820 P.2d 20, 26-27 (1991) (“To the extent that [the writings] do not explain [an important aspect of] how the loans [work], the documents are incomplete and the parties could not have intended them to constitute their entire agreement.”); see also Abercrombie v. Hayden Corp., 320 Or. 279, 883 P.2d 845, 853 (1994) (“The parol evidence rule does not prohibit a party from introducing evidence extrinsic to a writing to explain an ambiguity in the writing, even when the writing is a completely integrated agreement.”).
And, if believed, Mr. Jensen’s attestations about the bank employees’ oral representations would establish that U.S. Bank failed to remedy improperly reported delinquencies after the Jensens disputed the delinquencies with the credit bureaus, in violation of the FCRA. See Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1154 (9th Cir.2009); Nelson v. Chase Manhattan Mortg. Corp., 282 F.3d 1057, 1059-60 (9th Cir.2002). Summary judgment on the FCRA claim was therefore improper.
2. In any event, U.S. Bank has conceded that the Jensens’ accounts were improperly reported as delinquent during the TPP term. U;S. Bank characterizes this violation as inconsequential, arguing that two falsely reported months of delinquencies among several correctly reported months could not have caused “actual damages” under the FCRA. But the Jensens had good credit before the negative reporting began and were distraught when their credit was ruined; whether the conceded violation was a “substantial factor” in causing injuries cognizable under the FCRA should be resolved at trial. See, e.g., Clements v. Airport Auth. of Washoe Cnty., 69 F.3d 321, 335 (9th Cir.1995) (reserving “substantial factor” question for trial); Bradshaw v. BAC Home Loans Servicing, LP, 816 F.Supp.2d 1066, 1075-76 (D.Or.2011) (same); cf. Guimond v. Trans Union Credit Info. Co., 45 F.3d 1329, 1333 (9th Cir.1995) (emotional distress is cognizable under the FCRA).
*874 3. For the same reason, summary-judgment on the RESPA claim was improper. U.S. Bank concedes that it violated 12 U.S.C. § 2605(e)(3) when it failed to cease negative reporting during the sixty-day period after the Jensens advised the bank in writing that they were disputing the delinquencies. Assuming the Jénsens’ alleged injuries are cognizable under RES-PA — an issue not reached below nor addressed by the majority — -whether those injuries were caused by the unlawful negative reporting during this sixty-day period should be resolved at trial.