**NOT FOR PUBLICATION**

AUG 13 2019

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| REGINA H. FLORENCE; WILLIAM F. FLORENCE, | No. 18-15413 |
| Plaintiffs-Appellants, | DC No. CV 16-0587 GMN<br>DC No. CV 16-0692 GMN |
| v. | |
| EXPERIAN INFORMATION SOLUTIONS, INC., | MEMORANDUM* |
| Defendant-Appellee, | |
| and | |
| CENLAR FEDERAL SAVINGS AND LOAN; SELECT PORTFOLIO SERVICING, INC.; SELECT PORTFOLIO SERVICING, INC.; REALTIME RESOLUTIONS, INC.; STATE FARM BANK; COMMONWEALTH FINANCIAL SYSTEMS; PLUSFOUR, Southwest Medical; EQUIFAX INFORMATION SERVICES, LLC, | |
| Defendants. | |

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Argued and Submitted June 10, 2019
Anchorage, Alaska

Before:      TASHIMA, W. FLETCHER, and BERZON, Circuit Judges.

Plaintiffs-Appellants Regina and William Florence (together, the

"Florences") contend that Experian Information Solutions, Inc. ("Experian")

violated the Fair Credit Reporting Act ("FCRA") by failing to correct inaccurate

information on the Florences' consumer reports following reinvestigations of

disputed information.  *See* 15 U.S.C. § 1681i.  We have jurisdiction under 28

U.S.C. § 1291 of the Florences' appeal from the district court's grant of summary

judgment to Experian.  We review the grant of summary judgment de novo..  *Shaw*

*v. Experian Info. Sols., Inc.*, 891 F.3d 749, 755 (9th Cir. 2018).  We affirm.

1.      The Florences did not identify any inaccuracy in Experian's

rereporting of the Shellpoint, SPS, and Cendar accounts.  An item on a consumer

credit report can be inaccurate under the FCRA if it is either "patently incorrect or

materially misleading."  *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876,

890–91 (9th Cir. 2010).  The rereported accounts at issue are not patently incorrect

because they show that they were either closed or discharged in bankruptcy.  The

reports do not show any negative information, such as inaccurate payment history or balances due, for any period after the bankruptcy discharge or even after the Florences had begun their Chapter 13 confirmed plan. And even if the "account history" section on the Shellpoint account is inaccurate, this section only appears on the disclosure to consumers for informational purposes, not on the reports provided to creditors. Therefore, it could not form the basis of an FCRA claim under § 1681i, where a plaintiff must make a "prima facie showing of inaccurate *reporting*." *Id.* at 890 (emphasis added) (internal quotation marks and citations omitted). There is no information on the Shellpoint account reported to creditors that suggests that the Florences had a balance or were late on a payment after the discharge.

Next, Experian's rereporting was not rendered materially misleading by failure to comply with the Metro 2 guidelines. A deviation from the guidelines did not render the reporting "misleading in such a way and to such an extent that it [could] be expected to adversely affect credit decisions," because the tradelines on the Florences' reports clearly indicated to lenders that either the relevant accounts had been closed or the debts had been discharged in bankruptcy. *See Shaw*, 891 F.3d at 757 (citation omitted).

Finally, the rereporting was not rendered materially misleading by the report's absence of a statement of dispute from the Florences. The FCRA states that, "[i]f the reinvestigation does not resolve the dispute, the consumer may file a brief statement setting forth the nature of the dispute." 15 U.S.C. § 1681i(b). Importantly, a "reinvestigation is a predicate to the filing of a statement of dispute." *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1332 (9th Cir. 1995). After Experian finished the reinvestigations, the Florences did not submit any subsequent statement of dispute. Therefore, the absence of a statement of dispute does not make the rereporting materially misleading.

**2.** Mr. Florence also does not have a cognizable FCRA claim against Experian regarding the default judgment in favor of Wells Fargo. Here, the Florences appear to be arguing that the Wells Fargo judgment was inaccurate because the bankruptcy court incorrectly issued the judgment.[1] This argument fails because there is no doubt about the accuracy of Experian's reporting of the judgment, and "reinvestigation claims are not the proper vehicle for collaterally

---

[1] In their opening brief, the Florences seem to argue that the district court failed to consider whether Experian violated 15 U.S.C. § 1681i(a)(2)(A) by never sending any notice of Mr. Florence's dispute of the Wells Fargo judgment to the relevant data furnisher. But in their reply brief, the Florences disclaim this argument, saying that the theory that "Experian should have confirmed the accuracy of the Judgment with Wells Fargo" was "not a basis for Appellants' appeal."

attacking the legal validity of consumer debts." *Carvalho*, 629 F.3d at 892. "A [credit reporting agency] is not required as part of its reinvestigation duties to provide a legal opinion on the merits." *Id*. Here, the Florences are trying to collaterally attack the legal validity of the Wells Fargo judgment, which cannot form the basis of an FCRA claim against Experian.[2]

**AFFIRMED.**

---

[2] Plaintiffs-Appellants' unopposed motion to take judicial notice [Dkt. 40] is GRANTED.