NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUSSELL D. ROSCO; BONNIE R. ROSCO,<br><br>    Plaintiffs-Appellants,<br><br> v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; et al.,<br><br>    Defendants-Appellees. | No. 19-35175<br><br>D.C. No. 2:15-cv-00325-RMP<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Submitted April 7, 2020[**]

Before: TASHIMA, BYBEE, and WATFORD, Circuit Judges.

 Russell D. Rosco and Bonnie R. Rosco appeal pro se from the district

court's summary judgment in their action alleging violations of the Fair Credit

Reporting Act ("FCRA"). We have jurisdiction under 28 U.S.C. § 1291. We

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo. *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 759 (9th Cir. 2017). We affirm.

The district court properly granted summary judgment for defendant Experian Information Solutions, Inc. ("Experian") on the claims pertaining to plaintiff Russell D. Rosco's accounts with First Bank Mortgage because plaintiffs failed to raise a genuine dispute of material fact as to whether Experian did not follow reasonable procedures to assure the accuracy of reporting. *See Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) (even if a report contained inaccurate information, a credit reporting agency will not be liable under the FCRA "if it establishes that an inaccurate report was generated despite the agency's following reasonable procedures").

The district court did not abuse its discretion by enforcing the settlement agreement between plaintiffs and Trans Union, LLC, because the district court's finding that plaintiffs agreed to the terms of the settlement agreement is not clearly erroneous. *See Doi v. Halekulai Corp.*, 276 F.3d 1131, 1136-40 (9th Cir. 2002) (setting forth standard of review and concluding that the district court did not abuse its discretion by enforcing settlement agreement where parties agreed to the material terms); *Ahern v. Central Pac. Freight Lines*, 846 F.2d 47, 48 (9th Cir. 1988) (district court's finding that a party consented to and intended to be bound by a settlement agreement must be affirmed unless it is clearly erroneous); *Veith v.*

19-35175

*Xterra Wetsuits, LLC*, 183 P.3d 334, 337 (Wash. 2008) (setting forth expressions constituting acceptance of an offer); *Morris v. Maks*, 850 P.2d 1357, 1359 (Wash. 1993) (setting forth elements to determine whether informal writings establish a contract).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**